IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JAMES MCGEE,                                                                                    PLAINTIFF
REG. #29927-004

v.                                    CASE NO. 2:14-CV-00124 BSM

UNITED STATES OF AMERICA                                                           DEFENDANT

## ORDER

The proposed findings and recommendations ("recommendation") from U.S. Magistrate Judge Jerome T. Kearney [Doc. No. 22] have been reviewed. McGee was granted multiple extensions to file objections [*See* Doc. Nos. 24, 26], but instead filed a motion to amend his complaint [Doc. No. 27] after his last extension to file objections had passed. After a careful review of the record, the recommendation is adopted with the clarification below. McGee's motion to amend his complaint is denied.

The recommendation is adopted but must be clarified to explain why the common knowledge exception does not apply. The gravaman of McGee's complaint is medical negligence, which usually requires expert opinions. *Goodman v. U.S.*, 2 F.3d 291, 292–93 (8th Cir. 1993) (apply the law of the state where act occurred); Ark. Code Ann. § 16-114-206(a) (Arkansas requires expert to show deviation of standard of care and causation). Although McGee is correct that an exception exists on matters of common knowledge, *Watts v. St. Edward Mercy Med. Ctr.*, 49 S.W.3d 149, 152 (Ark. Ct. App. 2001), this case involves more than common knowledge.

McGee's complaints focus on treatment he received on multiple occasions over a four-year period, which he argues was inadequate or incorrect. A medical provider's judgment in treatment protocols, such as issuing McGee arch supports and not diagnosing flat foot syndrome after multiple x-rays, is beyond common knowledge. *See Skaggs v. Johnson*, 915 S.W.2d 253, 256 (Ark. 1996) (issues related to a provider's judgment are not matters of common knowledge). Similarly, whether any of the alleged missteps, such as the suspicious 17-month delay in receiving an MRI, or whether McGee's own decisions, such as refusing bunion surgery or not wearing his ankle brace, are causally linked to his current condition is beyond common knowledge. *See Robson v. Tinnin*, 911 S.W.2d 246, 249 (Ark. 1995) (requiring expert to connect condition and proper treatment). Suffice it to say that this case is not one where common knowledge alone is sufficient. Therefore, the recommendation is correct that an expert is required.

McGee's motion to amend his complaint is denied because it is untimely. *See Hammer v. City of Osage Beach*, 318 F.3d 832, 844–45 (8th Cir. 2003) (denial proper when plaintiff filed motion nearly fifteen months after filing suit and after defendant moved for summary judgment); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994) (denial proper when plaintiff filed motion fourteen months after filing suit and six days after discovery period ended). McGee's request comes more than twelve months after initially filing suit – after discovery had closed, after the government moved for summary judgment and he responded, after the magistrate judge issued a recommended disposition, and after he requested additional time to file objections. Reopening discovery and further

delaying resolution at this stage is improper. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (denial proper on late amendments involving new theories and requiring additional discovery).

Therefore, the recommendation is adopted and the government's motion for summary judgment [Doc. No. 14] is granted. McGee's motion to amend his complaint [Doc. No. 27] is denied. McGee's complaint is dismissed with prejudice.

IT IS SO ORDERED this 1st day of February 2016.

_____
UNITED STATES DISTRICT JUDGE